1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ISAAC HUDSON, JR.,

                                                    Plaintiff,

              vs.

WORKERS COMP APPEALS BOARD, et al.,

                                                    Defendants.

CASE NO. 14-CV-825-LAB-RBB

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

        Isaac Hudson filed this action on April 8, along with a motion for leave to proceed IFP.

**I.      IFP Motion**

        All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a).  Mr. Hudson has submitted an IFP application that, although out of order and apparently missing some pages (or at least mistakenly containing pages relating to a request for counsel), sufficiently demonstrates his inability to pay the $350 filing fee.  He is unemployed, made only $3,000 a year when he was employed, has no money in the bank, and has no valuable property.  His IFP motion is **GRANTED**.

/ /

/ /

## II.     Initial Screening

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Hudson's complaint in unintelligible.  It is a single page of run-on sentences.  It contains few factual allegations and no legal claims.  Apart from mention of a RICO claim, it appears to deal with a workers compensation dispute that arose in state court.  Thus, the Court has no idea what this case is specifically about, what Mr. Hudson's claims are, and whether it even has jurisdiction.

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**.  Within three weeks of the date he receives this Order, Mr. Hudson may file a revised complaint that cures these defects.

**IT IS SO ORDERED**.

DATED:  April 24, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge